## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kristen Farmer, | Civil Action No: 1:22-cv-975 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Portfolio Recovery Associates, L.L.C., | |
| Defendant(s). | |

Plaintiff Kristen Farmer (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, L.L.C. (hereinafter, "Defendant Portfolio") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Chautauqua.

8.     Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.     Defendant Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service with its registered agent, c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

10.    Upon information and belief, Defendant Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12.    Some time prior to August 2021, Plaintiff's daughter allegedly incurred a debt to an unspecified creditor.

13.    Upon information and belief, the subject debt was incurred by Plaintiff's daughter solely for personal, household or family purposes.

14.    The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15.    Upon information and belief, the current owner of the unspecified debt contracted Defendant Portfolio for the purpose of collecting the unspecified debt. Therefore, Defendant Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16.    In the alternative, upon information and belief, Defendant Portfolio purchased, was assigned, or otherwise contracted for the purposes of debt collection in relation to the allegedly defaulted debt for the purpose of debt collection. Therefore, Defendant Portfolio is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

17.    Defendant Portfolio uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant Portfolio also

regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Phone Call Violations*

18.     On a date better known by Defendant Portfolio, but on a date in or around August 2021, Defendant Portfolio began contacting Plaintiff regarding the aforementioned debt allegedly incurred by Plaintiff's daughter.

19.     Defendant Portfolio's representatives and/or employees communicated with Plaintiff on multiple occasions regarding the alleged debt incurred by Plaintiff's daughter.

20.     In response to Defendant Portfolio's communications, Plaintiff informed Defendant Portfolio that the debt sought was not her own but rather related to her daughter. Plaintiff further informed Defendant Portfolio that her daughter did not live at the same residence.

21.     Defendant Portfolio then verbally admitted their mistake in contacting Plaintiff rather than her daughter and advised that it would no longer contact Plaintiff regarding the alleged debt.

22.     Defendant Portfolio then temporarily ceased communication with Plaintiff.

23.     On a date in or around October 2021, a specific date which is better known by Defendant Portfolio, Defendant Portfolio contacted and communicated with Plaintiff once again regarding the alleged debt.

24.     At that time, Plaintiff reminded Defendant Portfolio, for no less than the second time, that she had no relation to the debt they were seeking which was allegedly incurred by her daughter who lived in a separate location.

4

25.    Defendant Portfolio once again verbally acknowledged the error in contacting Plaintiff instead of Plaintiff's daughter and advised that it would remove Plaintiff's number from its records.

26.    Despite the multiple assurances that it would cease communication with Plaintiff, Defendant Portfolio once again began contacting Plaintiff in or around February 2022.

27.    Since resuming calls to Plaintiff, Defendant Portfolio has called Plaintiff no fewer than on seven separate occasions between February 25, 2022 and March 11, 2022. *See* Exhibit A.

28.    As Plaintiff advised on numerous occasions that Defendant Portfolio's calls were misdirected and that her daughter did not live with her, Defendant Portfolio's numerous calls to Plaintiff since February 2022 were not calculated to heed the information Plaintiff provided, but rather to harass.

29.    The harassment was amplified in light of the fact that Defendant Portfolio acknowledged its error in contacting Plaintiff and advised that her number would be removed as a result.

30.    Pursuant to 15 U.S.C. § 1692b:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

…

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

31.    Defendant Portfolio's conduct detailed above violated 15 U.S.C. § 1692b(3).

32.    Pursuant to 15 U.S.C. § 1692c(b):

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33.    Defendant Portfolio's communications with Plaintiff detailed above violated 15 U.S.C. § 1692c(b).

34.    Pursuant to 15 U.S.C. § 1692d:

A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing is a violation of this section:

…

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35.    Defendant Portfolio's conduct intruded upon Plaintiff's seclusion by placing repeated and persistent phone calls in connection with debt that did not belong to Plaintiff.

36.    Once advised that the alleged debt related to Plaintiff's daughter who did not live with Plaintiff, Defendant Portfolio's further communications with Plaintiff violated 15 U.S.C. § 1692d.

37.    Pursuant to 15 U.S.C. § 1692e:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.    Defendant Portfolio repeatedly provided false, deceptive, and/or misleading statements to Plaintiff in that it informed her that it would cease communications, but chose to continue doing so despite being advised that the alleged debtor did not live with Plaintiff in violation of 15 U.S.C. § 1692e.

39.     Pursuant to 15 U.S.C. § 1692f:

A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

The section goes on to provide a non-exhaustive list of conduct that would be considered to violate the law.

40.     Defendant's conduct described above violated 15 U.S.C. § 1692f as the repeated calls to Plaintiff despite knowing that she did not actually have any connection to the debt were unfair and/or unconscionable.

41.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered emotional distress, worry for her daughter, upset, irritation, loss of sleep, anger, and frustration.

42.     Upon information and belief, Defendant Portfolio had motives which were in bad faith and with reckless indifference to the rights of others by continuously calling about another person's debt.

43.     Defendant Portfolio knew or should have known that it was calling persons for the debt of another, without good faith, but nonetheless chose to contact Plaintiff with the intent to disrupt Plaintiff's solitude and to annoy, abuse, and harass them for potential financial gain.

44.     Defendant's calls further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

45.     The repetitive calls were aggravating and highly intrusive.

46.     Plaintiff spent time and effort dealing with Defendant Portfolio's communications and in trying to get Defendant to update its records in response to its calls, but Plaintiff's efforts were unsuccessful.

47.     Defendant Portfolio's violations were unconscionable, knowing, willful, negligent and/or intentional, and Defendant Portfolio did not maintain procedures reasonably adapted to avoid any such violations.

48.     Defendant Portfolio's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly in connection with the collection of a debt.

49.     Defendant Portfolio's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed in connection with the collection of a debt.

50.     Defendant Portfolio's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy or intrusion upon seclusion in connection with the collection of a debt.

51.     Defendant Portfolio's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff and her ability to intelligently respond to Defendant's collection efforts because Plaintiff was misled on several occasions that she would not be contacted further.

52.     Plaintiff relied on such false, misleading, and/or deceptive representations by Defendant Portfolio to her detriment.

53.     Defendant Portfolio's collection efforts with respect to the debt caused Plaintiff to suffer addition concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right to not be harassed or abused in connection with the collection of a debt.

54.     As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b

55.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56.     Defendant Portfolio's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b.

57.     Pursuant to 15 U.S.C. § 1692b:

Any debt collector communication with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

…

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

58.     Defendant Portfolio violated § 1692b:

    a.  By continuing to contact Plaintiff despite being advised that the debt was not hers, that the debtor did not live with her, and requesting that it cease with such calls.

59.     By reason thereof, Defendant Portfolio is liable to Plaintiff for judgment in that Defendant Portfolio's conduct violated Section 1692b *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692c *et seq.***

60.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61.     Defendant Portfolio's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

62.     Pursuant to 15 U.S.C. § 1692c(b):

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

63.     Defendant Portfolio violated § 1692c:

a.   By repeatedly communicating with Plaintiff, a person other than the consumer, without the express permission of the consumer.

64.     By reason thereof, Defendant Portfolio is liable to Plaintiff for judgment in that Defendant Portfolio's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d *et seq.*

65.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66.    Defendant Portfolio's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

67.    Pursuant to 15 U.S.C. § 1692d, "a debt collector may not engage in any conduct the nature consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

68.    Pursuant to 15 U.S.C. § 1692d(5) debt collectors are specifically forbidden from making repeated or continuous telephone calls or engage in repeated or continuous telephone conversations with the intent to annoy, abuse, or harass the recipient of the call.

69.    Defendant Portfolio violated § 1692d:

   a.   By calling Plaintiff numerous times over a period of months with the intent to annoy, abuse, and harass Plaintiff in furtherance of Defendant Portfolio's debt collection activities.

70.    By reason thereof, Defendant Portfolio is liable to Plaintiff for judgment in that Defendant Portfolio's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

<u>**COUNT IV**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

71.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72.     Defendant Portfolio's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74.     Defendants violated §1692e:

    a.  By making a false and misleading representation/omissions in violation of §1692e(10).

75.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT V**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

76.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77.     Defendant Portfolio's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

79.    Defendant Portfolio violated § 1692f:

    a.    By failing to update its records as it stated it would to reflect that Plaintiff's number was not connected to the alleged debtor;

    b.    By continuing to contact Plaintiff regarding the alleged debt.

80.    By reason thereof, Defendant Portfolio is liable to Plaintiff for judgment in that Defendant Portfolio's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kristen Farmer, demands judgment from Defendant Portfolio  as follows:

1.    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2.    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4.    For declaratory relief stating that Defendant Portfolio violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5.      For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.


Dated:  December 16, 2022

Respectfully Submitted,
**Stein Saks, PLLC**
*/s/ Tamir Saland*
Tamir Saland, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500
tsaland@steinsakslegal.com
*Counsel for Plaintiff Kristen Farmer*